I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 5/27/2011

DEPUTY CLERK

*C.D. Civil Rights packet sent to π.



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
MAY 27 2011
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FELTON,<br><br>   Plaintiff,<br><br> vs.<br><br>DOCTOR RENEE LAURITZEN, et al.,<br><br>   Defendants. | Case No. CV 11-4103-VAP (RNB)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

  Plaintiff currently is incarcerated at a prison facility in Corcoran, California. On May 20, 2011, he filed this pro se civil rights action after being granted leave to proceed in forma pauperis. The gravamen of plaintiff's claims is that, while incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, he received inadequate medical care for problems he was experiencing with his knees. Named in the Complaint as defendants in their individual capacities are: Dr. Renee Lauritzen, an outside medical doctor allegedly under contract with the California Department of Corrections and Rehabilitation ("CDCR") who treated and evaluated plaintiff; Kim Kumar, the Chief Medical Officer at CMC; Warden Gonzalez, the Warden at CMC; and Matthew Cate, the Director of the CDCR. Plaintiff purports to be seeking compensatory and punitive damages, as well as an order requiring the replacement of both knee joints.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the Complaint under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, - U.S. -, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citation omitted] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that it fails to state a § 1983 claim on which relief may be granted against any of the named defendants. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment). If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed below.

## DISCUSSION

A. **Plaintiff's allegations are insufficient to state a § 1983 claim based on inadequate medical care against defendants Lauritzen and/or Kumar.**

The Eighth Amendment proscription against cruel and unusual punishment encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). In order to establish an Eighth Amendment claim

based on inadequate medical care, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Gamble, 429 U.S. at 106; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Deliberate indifference to the serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. See McKinney, 509 U.S. at 32; Gamble, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.

A "serious" medical need arises if the failure to treat the plaintiff could result in further significant injury or the "unnecessary and wanton infliction of pain." Gamble, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.

Deliberate indifference may be manifested by the intentional denial, delay or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059. However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to constitute an Eighth Amendment violation. See, e.g., Gamble, 429 U.S. at 105-06; Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is

a prisoner." See Gamble, 429 U.S. at 106; see also, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

The Court finds that, under the foregoing standards, plaintiff's allegations against Dr. Lauritzen based on the surgery that Dr. Lauritzen performed on plaintiff's right knee are insufficient to satisfy the "deliberate indifference" element of an inadequate medical care claim because they at most establish negligence or malpractice on Dr. Lauritzen's part.

After reviewing the exhibits incorporated into the Complaint, the Court further finds that, under the foregoing standards, plaintiff's allegations against Chief Medical Officer Kumar based on her refusal to approve plaintiff for total knee replacement surgery are insufficient to satisfy the "deliberate indifference" element of a federal civil rights claim based on inadequate medical care because they at most establish a difference of opinion over whether the total knee replacement surgery was the optimal treatment option for plaintiff at that time. Plaintiff's conclusory allegation that Dr. Kumar has "shown deliberate indifference" does not satisfy plaintiff's pleading burden under Twombly and Iqbal. See also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (holding that, in determining whether a complaint states a claim on which relief may be granted, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

B. **Plaintiff's allegations are insufficient to state a § 1983 claim against defendants Gonzalez and/or Cates.**

In order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or

a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that <u>causes</u> the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In Iqbal, 129 S. Ct. at 1948, the Supreme Court reaffirmed that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." However, the Ninth Circuit has concluded that, where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others. See Starr v. Baca, 633 F.3d 1191, 1196-97 (9th Cir. 2011). Thus, under Starr, 633 F.3d at 1196 (internal citations omitted):

> "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'
> 
> "'The requisite causal connection can be established ... by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual

capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'"

Here, it follows from the Court's finding and conclusion that plaintiff's allegations are insufficient to state a § 1983 claim based on inadequate medical care against defendants Lauritzen and/or Kumar that plaintiff's allegations also are insufficient to state a § 1983 claim based on a supervisory liability theory against defendants Gonzalez and/or Cates.

Moreover, to the extent that plaintiff's claims against defendants Gonzalez and/or Cates may be based on their roles in the denial of plaintiff's administrative appeals, plaintiff's allegations are insufficient to state a § 1983 claim against them because the Ninth Circuit has held that a prisoner has no constitutional right to an effective grievance or appeal procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, e.g., George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances could not be held liable under § 1983), cert. denied, 530 U.S. 1264 (2000); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."); Wright v. Shapirshteyn, 2009 WL 361951, *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged

unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"); Velasquez v. Barrios, 2008 WL 4078766, *11 (S.D. Cal. Aug. 29, 2008) ("An official's involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action.").

*******************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document. The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: 5/26/11

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE